UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BASRA D. MOHAMED, | CASE NO. 2:22-cv-01010-LK |
| Plaintiff, | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| v. | |
| FULL LIFE CARE et al., | |
| Defendants. | |

This matter comes before the Court on the Application for Court-Appointed Counsel in Title VII Action filed by Plaintiff Basra Mohamed. Dkt. No. 10. Having reviewed the application, the amended complaint, the balance of the record, and the applicable law, the Court denies Ms. Mohamed's application to appoint counsel.

## I.      BACKGROUND

Ms. Mohamed worked for Full Life Care, a non-profit organization that provides care to "frail elders and people with chronic or terminal illnesses and disabilities,"[1] as a Resident Mental

---

[1] Full Life Care Mission and Vision, https://www.fulllifecare.org/about-us/mission-and-vision/ (last visited November 5, 2022).

Health & Services Coordinator from January 2020 to October 2021. Dkt. No. 12-1 at 1. She alleges that Transforming Age, an affiliate of Full Life Care, imposed a vaccine mandate that applied to her and other employees. Dkt. No. 12 at 4.

Ms. Mohamed, who is Muslim, has "religious objections to vaccines," so she requested—as a religious accommodation—an exemption from the vaccine requirement. Dkt. No. 12-1 at 3; Dkt. No. 12 at 6. Her request was denied and the following month, Full Life Care terminated her employment. Dkt. No. 12 at 4–5.

Ms. Mohamed filed suit in July 2022, Dkt. No. 1, and filed an amended complaint in September 2022, Dkt. No. 12, accusing Full Life Care and Transforming Age of violating Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e–2000e-17, Washington Revised Code § 49.60 *et seq.*, and Seattle Municipal Code § 14.04 by failing to accommodate her religion and retaliating against her. Dkt. No. 12-1 at 1, 3; Dkt. No. 12 at 4.

## II.   DISCUSSION

"Unlike in criminal cases that implicate the Sixth Amendment right to counsel, civil litigants who cannot afford counsel are not constitutionally guaranteed the appointment of a lawyer." *Adir Int'l, LLC v. Starr Indem. & Liab. Co.*, 994 F.3d 1032, 1039 (9th Cir. 2021). The Court does, however, have discretion to "request" appointment of counsel for indigent litigants pursuant to section 1915(e)(1) in "exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (quoting 28 U.S.C. § 1915(e)(1) and *Franklin v. Murphy,* 745 F.2d 1221, 1236 (9th Cir. 1984)). The exceptional circumstances inquiry requires the Court to consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1986). Neither consideration is dispositive, and the Court must view them together. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

Ms. Mohamed has not shown that either factor weighs in her favor. First, her complaint "evinces little likelihood of success on the merits[.]" *Kryuchkov v. Spain Street LLC*, No. C19-876-MJP, 2019 WL 2450798, at *2 (W.D. Wash. June 12, 2019). While Title VII prohibits employers from discriminating against employees based on their religion, 42 U.S.C. § 2000e-2(a), courts lack subject matter jurisdiction over such claims unless the plaintiff has first exhausted administrative remedies "by filing a timely charge with the [U.S. Equal Employment Opportunity Commission ("EEOC")], or the appropriate state agency[.]" *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002). Ms. Mohamed filed charges against Full Life Care, Dkt. Nos. 12-1, 12-2, but she has not shown that she filed a charge against co-defendant Transforming Life. And her Title VII claim against Full Life Care may be untimely. She was required to file suit within 90 days of receiving the March 9, 2022 notice of her right to sue from the EEOC, Dkt. No. 12-3 at 1, but she did not file this lawsuit until July 19, 2022. Dkt. No. 1. If her complaint is untimely, it is subject to dismissal. *See, e.g.*, *Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1127 (9th Cir. 2007) (affirming dismissal of pro se complaint filed after the 90-day period had expired); *Bilbrew v. Dejoy*, 851 F. App'x 803, 803 (9th Cir. 2021) (same). And if her federal claim is dismissed, the Court would likely decline supplemental jurisdiction over her pendent claims for discrimination under state and city laws.

Second, this case does not present unusually complex legal or factual issues that would preclude Ms. Mohamed from articulating her claims pro se. *See Agyeman*, 390 F.3d at 1103–04. That she might more articulately set forth the facts underlying her claim with the assistance of counsel is not the test. *Steiner v. Hammond*, No. C13-5120-RBL, 2013 WL 3777068, at *2 (W.D. Wash. July 16, 2013). Nor do her unsuccessful efforts to retain private counsel qualify as an exceptional circumstance. *Curbow v. Clintsman*, No. C21-1420-TLF, 2021 WL 5051662, at *1 (W.D. Wash. Nov. 1, 2021); *see* Dkt. No. 10 at 2. And her filings demonstrate an ability to

articulate her claims and submit supporting evidence. Dkt. Nos. 6, 10, 11, 12, 12-1, 12-2. Accordingly, Ms. Mohamed has not shown that she is entitled to the appointment of counsel at this time.

### III.    CONCLUSION

For the foregoing reasons, the Court DENIES Ms. Mohamed's application to appoint counsel. Dkt. No. 10. Unless Ms. Mohamed retains counsel, she will be responsible for pursuing this case pro se. Materials to assist pro se litigants are available on the United States District Court for the Western District of Washington's website. Although the court affords some leeway to pro se litigants, they must comply with case deadlines, the Federal Rules of Civil Procedure, and the Western District of Washington's Local Rules, which can also be found on the Western District of Washington's website.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to Ms. Mohamed at her last known address.

Dated this 7th day of November, 2022.

Lauren King
United States District Judge