UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BASRA D. MOHAMED, | CASE NO. 2:22-cv-01010-LK |
| Plaintiff, | ORDER GRANTING MOTION FOR LEAVE TO AMEND AND DENYING MOTIONS FOR DEFAULT AND RECONSIDERATION |
| v. | |
| FULL LIFE CARE et al., | |
| Defendants. | |

Plaintiff Basra Mohamed has filed several motions currently before the Court: a motion for leave to file a second amended complaint, Dkt. No. 16; a motion for default, Dkt. No. 18; and a motion for reconsideration, Dkt. No. 19. For the reasons set forth below, the Court grants the motion to amend and denies the motions for default and reconsideration.

I.   DISCUSSION

The facts underlying this dispute are set forth in the Court's Order denying Ms. Mohamed's motion for appointment of counsel, Dkt. No. 15 at 1–2, and the Court need not repeat them here.

ORDER GRANTING MOTION FOR LEAVE TO AMEND AND DENYING MOTIONS FOR DEFAULT AND RECONSIDERATION - 1

A.   **Motion to Amend**

Ms. Mohamed has filed a motion to amend her complaint and a proposed amended complaint. Dkt. Nos. 16, 16-1. But her motion to amend does not comply with Local Civil Rule 15, which requires a party seeking to amend a complaint to "indicate on the proposed amended pleading how it differs from the pleading that it amends by bracketing or striking through the text to be deleted and underlining or highlighting the text to be added." LCR 15. Because Ms. Mohamed is proceeding pro se, the Court considers her motion to amend despite her lack of compliance with Local Civil Rule 15, but reminds her that she is required to comply with the Court's Local Civil Rules and further noncompliant filings may be stricken. *See Muñoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022) ("[I]t is axiomatic that pro se litigants, whatever their ability level, are subject to the same procedural requirements as other litigants.").

When a party seeks to amend its complaint, the Court considers "the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (internal quotation marks omitted) (quoting *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999)). In the absence of those issues, "the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also* Fed. R. Civ. P. 15(a)(2) (leave to amend should be "freely give[n] . . . when justice so requires.").

As in the prior iterations of her complaint, Ms. Mohamed alleges that Defendants Full Life Care and Transforming Age violated Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e–2000e-17, and the Washington Law Against Discrimination, Wash. Rev. Code § 49.60 *et seq.*, by failing to accommodate her religion when it denied her an exemption from their vaccine requirements and retaliating against her for requesting an accommodation. Dkt. No. 16-1 at 1, 9–12. Her proposed second amended complaint deletes her prior claim for discrimination

under Seattle Municipal Code § 14.04, Dkt. No. 11 at 4, and adds a claim that Defendants failed to pay her "accumulated vacation" when they discharged from employment, Dkt. No. 16-1 at 12.

Although Ms. Mohamed has amended her complaint once before, Dkt. No. 11, she has not engaged in undue delay or bad faith. The amendments do not appear futile at this point based on the limited record before the Court. Nor does it seem likely that the proposed amendments would prejudice Defendants, who have not yet appeared. Prejudice to the opposing party is the "touchstone of the inquiry under [R]ule 15(a)." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam) (internal quotation marks omitted) (quoting *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001)). "Absent prejudice, or a strong showing of any of the remaining . . . factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.*. Therefore, the Court grants Ms. Mohamed's motion to amend and accepts her proposed second amended complaint, Dkt. No. 16-1, as the operative complaint.

**B.    Motion for Default**

Ms. Mohamed requests entry of default against both Defendants, neither of whom have appeared in this action. Dkt. No. 18 at 1.[1] She contends that they have "failed to respond to the summons issued by the court on October 6, 2022." *Id.* Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

---

[1] Although Ms. Mohamed styled her motion in the Court's electronic filing system as a "motion for default judgment," the caption and body of her motion clarify that she is seeking entry of default. *See* Dkt. No. 18 at 1. She is not entitled to a default judgment prior to the entry of default. *See, e.g.*, *Atanda v. Norgren (IMI Precision Eng'g)*, No. C20-0796-JCC, 2021 WL 2805322, at *1 (W.D. Wash. July 6, 2021) (explaining that securing a default judgment is a "two-step process" that first requires obtaining the entry of default).

Before a party is entitled to the entry of default against a defendant, it "must show by affidavit that [the party] has properly served the allegedly defaulting defendants with the summons and complaint." *Atanda*, 2021 WL 2805322, at *1; *see also* LCR 55(a) (requiring the party moving for default to file an affidavit that "shall specifically show that the defaulting party was served in a manner authorized by Fed. R. Civ. P. 4."). Ms. Mohamed's affidavit, Dkt. No. 18, fails to carry her burden. First, to be admissible, declarations filed in federal court must "substantially" include the following language: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date)." 28 U.S.C. § 1746(2). The filing contains no such attestation. And second, she states that "Defendants failed to respond to the summons issued by the court on October 6, 2022," Dkt. No. 18 at 1, but she does not claim to have served them as required by Federal Rule of Civil Procedure 4. The clerk's issuance of summons is not service upon the Defendants.[2] Fed. R. Civ. P. 4(b), (c). Because Ms. Mohamed has not shown that she has served Defendants in a manner authorized by Federal Rule of Civil Procedure 4, she is not entitled to the entry of default, and this motion is denied.

C.      **Motion for Reconsideration**

Ms. Mohamed has also filed a motion for reconsideration of the Court's Order denying her motion for appointment of counsel. Dkt. No. 19. The Court denied that motion on November 7, 2022, Dkt. No. 15, and this timely motion for reconsideration followed.

Motions for reconsideration are "disfavored," and the Court will ordinarily deny them unless the moving party shows "manifest error in the prior ruling" or "new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." LCR 7(h)(1). Such motions are not intended to "provide litigants with a second bite at the apple,"

---

[2] The Court's Pro Se Guide contains information on serving the complaint. *See* https://www.wawd.uscourts.gov/sites/wawd/files/ProSeGuidetoFilingYourLawsuitinFederalCourt.pdf.

ORDER GRANTING MOTION FOR LEAVE TO AMEND AND DENYING MOTIONS FOR DEFAULT AND RECONSIDERATION - 4

and they should therefore not be used to "ask a court to rethink what the court ha[s] already thought through[.]" *Barton v. LeadPoint Inc.*, No. C21-5372-BHS, 2022 WL 293135, at *1 (W.D. Wash. Feb. 1, 2022).

Ms. Mohamed contends that the Court erred because the matter is "complex" to her as a pro se litigant. Dkt. No. 19 at 1. But as the Court previously explained, that she might more articulately set forth the facts underlying her claim with the assistance of counsel is not the test. *Steiner v. Hammond*, No. C13-5120-RBL/KLS, 2013 WL 3777068, at *2 (W.D. Wash. July 16, 2013). Ms. Mohamed has not shown that the Court erred in finding that this case does not present unusually complex legal or factual issues that would preclude her from articulating her claims pro se. Dkt. No. 15 at 3.

The Court's prior order explained that Ms. Mohamed's complaint evinces little likelihood of success on the merits because it did not appear that she timely exhausted her administrative remedies. *Id.* In response, Ms. Mohamed filed a new document dated October 12, 2022 purporting to show that she did so. Dkt. No. 17; *see* Dkt. No. 19 at 1. Ms. Mohamed filed this lawsuit in July 2022, Dkt. No. 1, and she was required to exhaust her administrative remedies *before* filing suit. *See Lyons v. England*, 307 F.3d 1092, 1103–04 (9th Cir. 2002). The October 2022 document sheds little light on that issue, but even if Ms. Mohamed did properly exhaust her administrative remedies, she has not demonstrated that "exceptional circumstances" justify the appointment of counsel. *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). Specifically, she has not demonstrated a likelihood of success on the merits based on the current record, and her filings demonstrate her ability to articulate her claims pro se. *See, e.g.*, *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1986) (per curiam) (requiring the Court to consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the

complexity of the legal issues involved."). Therefore, the Court denies her motion for reconsideration.

## II. CONCLUSION

For the foregoing reasons, the Court GRANTS Ms. Mohamed's motion for leave to file a second amended complaint, Dkt. No. 16, DENIES her motion for default, Dkt. No. 18, and DENIES her motion for reconsideration, Dkt. No. 19. The Court ACCEPTS the second amended complaint filed at Dkt. No. 16-1 and directs the Clerk to refile it in the docket as the Second Amended Complaint.

Dated this 16th day of December, 2022.

Lauren King
United States District Judge