UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BASRA D. MOHAMED,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>FULL LIFE CARE et al.,<br><br>　　　　　　　　Defendants. | CASE NO. 2:22-cv-01010-LK<br><br>ORDER DENYING MOTION FOR LEAVE TO AMEND WITHOUT PREJUDICE |

This matter comes before the Court on Plaintiff Basra Mohamed's motion for leave to file a third amended complaint. Dkt. No. 36. Because Ms. Mohamed's proposed third amended complaint does not comply with Local Civil Rule 15, the Court denies her motion without prejudice.

## I. DISCUSSION

The facts underlying this dispute are set forth in the Court's Order denying Ms. Mohamed's motion for appointment of counsel, Dkt. No. 15 at 1–2, and will not be repeated here.

Ms. Mohamed has filed a motion to amend her complaint and a proposed third amended complaint. Dkt. Nos. 36, 36-2. But two problems exist. First, Ms. Mohamed filed her motion on

May 12, 2023, Dkt. No. 36, after the May 4, 2023 deadline to amend the pleadings, Dkt. No. 32 at 2. When a party seeks to extend a deadline after it has elapsed, an excusable neglect standard applies. *See* Fed. R. Civ. P. 6(b)(1)(B). Ms. Mohamed asserts that she was confused about whether the deadline to amend the pleadings was the one set in the Court's scheduling order, or the "default deadline provided by the court's rules in the absence of a specific deadline set in the scheduling order." Dkt. No. 41 at 2; *see also* Dkt. No. 33 (Ms. Mohamed's subsequently withdrawn motion for clarification of that issue). The Court finds that Ms. Mohamed has demonstrated excusable neglect based on her pro se status and confusion about the deadline. Moreover, Defendants do not object to the late filing, Dkt. No. 38 at 1, they are not prejudiced by it, and the delay was short. *See, e.g.*, *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (en banc) (listing factors).

Second, and more problematic, Ms. Mohamed's motion to amend does not comply with Local Civil Rule 15, which requires a party seeking to amend a complaint to "attach a copy of the proposed amended pleading as an exhibit to the motion or stipulated motion" and to "indicate on the proposed amended pleading how it differs from the pleading that it amends by bracketing *or* striking through the text to be deleted and underlining *or* highlighting the text to be added." LCR 15 (emphasis added). Despite those requirements, the proposed third amended complaint includes some proposed additions in highlighting, while other additions—including footnotes—are not highlighted or otherwise marked, deletions are redlined, and other material is inexplicably underlined. *See, e.g.*, Dkt. No. 36-2 at 4. And she replaced her fifth claim for relief with "Plaintiff seeks to substitute the fifth claim with a newly pleaded legal claim that is consistent with the factual allegations raised in the complaint" without actually including the "newly pleaded legal claim." *Id.* at 9.

Defendants state that they "do not object to Plaintiff's ability to further amend her complaint," but "because Plaintiff has failed to provide a complete proposed amended pleading as

ORDER DENYING MOTION FOR LEAVE TO AMEND WITHOUT PREJUDICE - 2

an exhibit to her motion, as required by the Local Civil Rule 15, Defendants cannot determine exactly what additional amendments Plaintiff seeks to make to her complaint and therefore cannot fully assess her proposed changes." Dkt. No. 38 at 1. Ms. Mohamed then filed another version of her proposed third amended complaint with her reply. Dkt. No. 41-2. That version now includes allegations in her fifth claim for relief, unlike the prior version, but it still uses multiple forms of marking (highlighting, redlining, underlining, and bracketing), so it is not clear what she seeks to add and subtract in the complaint. *Id.* at 4, 19–20.

Because Ms. Mohamed's proposed third amended complaint does not comply with the Local Civil Rules or give Defendants and the Court sufficient notice of her proposed changes, the Court denies her motion to amend without prejudice. The Court previously found that Ms. Mohamed did not comply with Local Civil Rule 15 in filing her proposed second amended complaint and reminded her that "she is required to comply with the Court's Local Civil Rules and further noncompliant filings may be stricken." Dkt. No. 20 at 2 (quoting *Muñoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022) ("[I]t is axiomatic that pro se litigants, whatever their ability level, are subject to the same procedural requirements as other litigants.")). The Court again reminds Ms. Mohamed that despite her pro se status, she is required to comply with the Court's Local Civil Rules, and further noncompliant filings may be stricken.

Finally, this motion could have been avoided if Ms. Mohamed had sent a compliant version of her proposed amended complaint to Defendants before filing it, or at least before Defendants' response was due as Defendants' counsel requested. Dkt. No. 38 at 9, 18. And based on Defendants' response to the motion, Dkt. No. 38, it appears that the parties could agree on the amendments if Ms. Mohamed provides Defendants' counsel with a proposed amended complaint

that complies with Local Civil Rule 15 and allows them to evaluate what she proposes to change.[1]

Therefore, within seven days of the date of this Order, Ms. Mohamed must provide Defendants with a complete and compliant copy of her proposed third amended complaint. Any proposed amended complaint must include all allegations, clearly indicate what is added and deleted in a consistent manner, avoid incorporating by reference any prior pleading, and avoid footnotes.[2] Defendants shall have 10 days to review the proposed changes and notify Ms. Mohamed regarding whether they will stipulate to her filing the revised proposed third amended complaint. If the parties are unable to agree, Ms. Mohamed may file a motion to file a third amended complaint within seven days after the parties have exhausted all efforts to agree.

## II.  CONCLUSION

For the foregoing reasons, the Court DENIES Ms. Mohamed's motion for leave to file a third amended complaint without prejudice. Dkt. No. 36.

Dated this 5th day of June, 2023.

Lauren King
United States District Judge

---

[1] A recent example of a compliant proposed amended complaint and Order granting the motion to amend can be found in *N.D. v. Reykdal*, 2:22-cv-1621-LK (W.D. Wash.), Dkt. No. 22-1 (proposed amended complaint); Dkt. No. 27 (Order granting proposed amended complaint).

[2] As Defendants' counsel told Ms. Mohamed over email, Word's Track Changes feature is typically the easiest way to show the changes made. Dkt. No. 38 at 14. If Ms. Mohamed is unable to use that feature, she must use a *consistent* method of showing her changes, such as highlighting all additions and striking through all deletions.