UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BASRA D. MOHAMED, | CASE NO. C22-1010-KKE |
| Plaintiff, | ORDER |
| v. | |
| FULL LIFE CARE, et al., | |
| Defendants. | |

This matter comes before the Court on Plaintiff Basra Mohamed's second motion for leave to file a third amended complaint. Dkt. No. 46. The Court has considered the motion, Defendants' response, Ms. Mohamed's reply brief, the proposed third amended complaint (in redline and clean forms), and the balance of the record. *See* Dkt. Nos. 46-50. For the following reasons, the Court denies Ms. Mohamed's motion without prejudice (Dkt. No. 46).

Ms. Mohamed, proceeding *pro se*, filed her original complaint in August 2022 (Dkt. No. 6), filed her first amended complaint in September 2022 (Dkt. No. 11), and filed her second amended complaint in December 2022 (Dkt. No. 21). Ms. Mohamed's first motion to file a third amended complaint was denied because she failed to include redline and clean versions of her proposed third amended complaint, as required by Local Civil Rule 15. *See* Dkt. No. 44.

ORDER - 1

Ms. Mohamed did include redline and clean versions of her proposed third amended complaint along with the instant motion (Dkt. No. 46), but these additions do not resolve all of the Court's concerns about Ms. Mohamed's proposed amendment. The redline and clean versions of the proposed third amended complaint do not match each other in material ways that create confusion for Defendants and the Court as to which claims are brought against which parties. *Compare* Dkt. No. 46 at 7-33 *with* Dkt. No. 46 at 35-51. When Ms. Mohamed first sent the redline and clean copies of the proposed third amended complaint to Defendants, they notified her of the discrepancies and the resulting confusion, and Ms. Mohamed made conflicting statements in response. *See* Dkt. No. 47, Dkt. No. 48-1 at 1-9. Defendants ultimately decided against stipulating to Ms. Mohamed's revisions (Dkt. No. 48-1 at 2), and this motion for leave to amend followed.

When a party seeks to amend its complaint, a court considers "the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (cleaned up). In the absence of those issues, "the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also* Fed. R. Civ. P. 15(a)(2) (leave to amend should be "freely give[n] when justice so requires").

Defendants contend that because Ms. Mohamed's proposed third amended complaint is internally inconsistent, granting Ms. Mohamed's motion would result in prejudice to Defendants "because [it] would obfuscate which claims are being brought against which defendants." Dkt. No. 47 at 6. Defendants also argue that if Ms. Mohamed's complaint is read to bring a Title VII claim against Defendant Transforming Age and amended to add a tortious interference claim against that defendant as well, the tortious interference cause of action would be duplicative and therefore the amendment would be futile in this respect. *Id*. at 6-7. Finally, Defendants suggest that amendment would cause undue delay because Ms. Mohamed has amended her complaint

ORDER - 2

twice already and the deadline for amending pleadings has already passed.[1] *Id*. at 6. Nonetheless, Defendants indicate that they could stipulate to Ms. Mohamed's amendment if she clarified that her first four (statutory) causes of action are brought against Defendant Full Life Care only, and that her fifth cause of action (tortious interference) is brought against Defendant Transforming Age only. *Id*. at 7.

Unfortunately, Ms. Mohamed's reply does not provide this clarification. *See* Dkt. No. 49. She acknowledges that she used "defendant" and "defendants" interchangeably and that a lack of clarity results (*id*. at 2), and further states that "two of the four claims pertain to Transforming Age, while all four relate to Full Life Care" (*id*. at 3), but her proposed third amended complaint lists five claims. *See* Dkt. No. 46 at 7-52. Ms. Mohamed also acknowledges that Defendants have sought clarification on this issue, but characterizes their position as "paradoxical" because "[i]f language is clear, why insist on an agreement?" Dkt. No. 49 at 11. But the language is not clear, either in the two versions of the proposed third amended complaint or in Ms. Mohamed's briefing, and this lack of clarity prejudices Defendants' ability to proceed with this litigation.

Nonetheless, in recognition of Ms. Mohamed's *pro se* status and because it appears that the parties may be able to stipulate to an amendment if Ms. Mohamed can provide additional clarification, the Court will provide an additional opportunity for Ms. Mohamed to request leave to amend her complaint. Her motion (Dkt. No. 46) is DENIED without prejudice, subject to refiling to permit Ms. Mohamed to provide internally consistent redline and clean versions of an amended complaint, and to clarify which of her claims are brought against which defendants. Ms. Mohamed is therefore directed to provide internally consistent redline and clean versions of an

---

[1] The deadline for amending pleadings was May 4, 2023 (*see* Dkt. No. 32), but a previous court order gave Ms. Mohamed additional time to seek amendment. *See* Dkt. No. 44 at 4 (June 5, 2023 order instructing Ms. Mohamed to provide a proposed third amended complaint to Defendants within seven days, and if Defendants could not stipulate to the amendment within 10 days of receiving that proposal, Ms. Mohamed was instructed to file a motion for leave to amend within seven days of that impasse).

ORDER - 3

amended complaint to Defendants no later than October 2, 2023. By October 10, 2023, Defendants shall notify Ms. Mohamed whether they will stipulate to the filing of the amended complaint. Ms. Mohamed is directed to refile her motion to amend, if necessary, no later than October 16, 2023.

Dated this 25th day of September, 2023.

Kymberly K. Evanson
United States District Judge

ORDER - 4