UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BASRA D. MOHAMED,<br><br>                Plaintiff,<br><br>    v.<br><br>FULL LIFE CARE, et al.,<br><br>                Defendants. | CASE NO. C22-1010-KKE<br><br>ORDER DENYING MOTION FOR LEAVE TO SERVE ADDITIONAL INTERROGATORIES |

This matter comes before the Court on Plaintiff Basra Mohamed's motion for leave to serve additional interrogatories. Dkt. No. 56. For the following reasons, the Court denies Mohamed's motion without prejudice.

## I.    BACKGROUND

Mohamed filed this suit against her former employer Defendant Full Life Care and its affiliate, Defendant Transforming Age, in July 2022, alleging employment discrimination stemming from her request for a COVD-19 vaccine exemption on religious grounds.[1]

---

[1] The Court notes that Mohamed was previously granted another opportunity to seek leave to amend her complaint, but she did not file a motion within the Court's timeline. *See* Dkt. No. 58 (instructing Mohamed to file a motion to amend, if necessary, by October 16, 2023). The Court thus assumes that the most recent version of the complaint (Dkt. No. 21) remains the operative pleading.

ORDER DENYING MOTION FOR LEAVE TO SERVE ADDITIONAL INTERROGATORIES - 1

The parties conferred March 10, 2023, and filed their joint status report thereafter. *See* Dkt. No. 31. Over the next weeks and months, Mohamed served multiple discovery requests on Defendants in the form of interrogatories, requests for admission ("RFA"), and requests for production ("RFP"). *See* Dkt. No. 62, Exs. 1, 3-6, 9-18. According to Defendants' count of these requests, Mohamed has served 66 interrogatories on Full Life Care and 58 on Transforming Age, 123 RFPs on Full Life Care and 101 on Transforming Age, and 28 RFAs on Full Life Care and 46 on Transforming Age. Dkt. No. 61 at 3.

On September 18, 2023, Mohamed filed a motion for leave to serve additional interrogatories, acknowledging that she had exceeded the 25-interrogatory limit set in Federal Rule of Civil Procedure 33. Dkt. No. 56. Mohamed explained that in her previous interrogatories, she asked questions that she hoped Defendants would answer individually, but she received joint answers that left her uncertain which Defendant had responded to which inquiry. *Id*. at 2. Mohamed also suggests that by virtue of responding jointly, Defendants "hamper[ed her] ability to obtain detailed knowledge from each party" and "curtail[ed her] right to 25 questions per entity." *Id*.

Defendants oppose Mohamed's motion, contending that the interrogatories she seeks leave to serve are duplicative and do not accomplish her stated purpose of delineating answers between Defendants. Dkt. No. 61 at 4-6. Defendants also note that some of Mohamed's proposed interrogatories could be "posed as different forms of discovery that are not affected with numerical limits." *Id*. at 4-5. To the extent that some of Mohamed's proposed interrogatories "target Defendants' affirmative defenses[,]" Defendants contend that any "[r]egret over [strategic decisions about how best to use her interrogatories] is insufficient grounds to grant additional interrogatories." *Id*. at 6.

Mohamed filed a reply to her motion more than two weeks after the noting date had passed. *See* Dkt. No. 68. Defendants filed a surreply, requesting that the Court strike the reply as untimely. Dkt. No. 71.

## II. ANALYSIS

### A. Legal Standards

Federal Rule of Civil Procedure 33(a)(1) limits a party to serving no more than 25 interrogatories on any other party. A court may grant leave to a party to serve more than 25 interrogatories where "the information sought is relevant, non-privileged, and proportional to the needs of the case under Rule 26(b)(1)." *Suta v. Home Depot, Inc.*, No. 2:22-cv-00744-RSL, 2023 WL 2738426, at *1 (W.D. Wash. Apr. 3, 2023). The court must, however, "limit the frequency or extent of discovery . . . if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, . . . or (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action[.]" Fed. R. Civ. P. 26(b)(2)(C).

### B. Mohamed's Motion is Denied Without Prejudice.

Mohamed has not persuaded the Court that serving the proposed additional interrogatories is appropriate. Although she contends that she must delineate between Defendants' individual answers to previous interrogatories, her proposed additional interrogatories do not seek this clarification and many are duplicative of interrogatories previously propounded. *See* Dkt. Nos. 57-1, 57-2. Given that Mohamed has already served more than 400 discovery requests, the Court is reluctant to permit additional requests that are not sufficiently tailored. As noted by Defendants, clarification as to each Defendant's response to prior interrogatories could have been accomplished via one additional interrogatory asking Defendants to identify which entity responded the original interrogatories. *See* Dkt. No. 61 at 4.

Because the proposed interrogatories do not answer the question Mohamed identified as outstanding, and instead appear to be duplicative, better suited to a different form of discovery, and/or overly burdensome on Defendants in light of Mohamed's total volume of discovery requests, the Court finds that Mohamed has not sufficiently supported her request for leave to file additional interrogatories in excess of the 25 allotted under Rule 33.

### III.   CONCLUSION

Because Mohamed's proposed additional interrogatories are duplicative, burdensome, and not tailored to address the information Mohamed indicates that she needs, the Court DENIES Mohamed's motion (Dkt. No. 56), subject to re-filing a more narrowly tailored request. In light of this resolution, the Court denies Defendants' motion to strike Mohamed's reply (Dkt. No. 71) as moot.

Dated this 8th day of December, 2023.

*Kymberly K Evanson*

Kymberly K. Evanson
United States District Judge