UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BASRA D. MOHAMED,<br><br>    Plaintiff(s),<br><br> v.<br><br>FULL LIFE CARE, et al.,<br><br>    Defendant(s). | CASE NO. C22-1010-KKE<br><br>ORDER DENYING MOTION TO QUASH |

This matter comes before the Court on Plaintiff Basra Mohamed's motion to quash Defendants' subpoena served on Mohamed's former employer, Seattle Housing Authority ("SHA"). Dkt. No. 76. For the reasons explained herein, the Court denies the motion.

## I. BACKGROUND

Mohamed filed this suit against her former employer Defendant Full Life Care and its affiliate, Defendant Transforming Age, alleging a discriminatory termination stemming from her request for a COVD-19 vaccine exemption on religious grounds. *See* Dkt. No. 21.

Defendants served Mohamed with discovery requests seeking, *inter alia*, information and documentation regarding her post-termination employment and income, and Defendants found Mohamed's responses to be insufficient. *See* Dkt. No. 65-2 at 6–7, 9, 20, 24; Dkt. No. 65-3 at 3–4, 9, 11. When Mohamed failed to supplement her responses by the deadline agreed upon by the parties (Dkt. No. 65-4), Defendants filed a motion to compel (Dkt. No. 64), which the Court

ORDER DENYING MOTION TO QUASH - 1

granted. *See* Dkt. No. 83. Defendants also notified Mohamed that they intended to serve a subpoena for her employment records (related to, *inter alia*, her compensation, requests for accommodation, discipline, or termination) on SHA, where Defendants had reason to believe that Mohamed was employed after her employment was terminated by Defendants. Dkt. No. 80-1.

Upon receiving notice of Defendants' intent to issue the subpoena, Mohamed objected to Defendants via email on October 28, 2023. Dkt. No. 80-1 at 2–3. According to Mohamed, the employment records sought in the subpoena are irrelevant to this litigation because she amended her complaint to remove requests for front pay and reinstatement. Dkt. No. 80-3 at 2. Mohamed also objected to the subpoena on the grounds that "Employment records often contain sensitive and personal information." *Id*. at 3. Mohamed asked Defendants to either withdraw the subpoena or provide written justification for each category of documents requested. *Id*.

Defendants responded to Mohamed's objections on October 30, 2023, noting that the operative version of her complaint seeks lost wages, and thus the employment records sought from SHA are relevant to that claim and also relate to Defendants' affirmative defense of failure to mitigate damages. Dkt. No. 80-1 at 2. Defendants went on to explain that the SHA employment records would indicate whether Mohamed sought a religious exemption from any vaccine requirement imposed by SHA, which would pertain to Defendants' defense in this case, *i.e.*, whether Mohamed's alleged religious beliefs are sincerely held. *Id*.; *see also* Dkt. No. 79 at 7. Defendants informed Mohamed that they would proceed with serving the subpoena, and Mohamed did not respond. *Id*.

Defendants served the subpoena, with a response deadline of November 17, 2023, and SHA contacted Mohamed to notify her that it would produce responsive documents unless she indicated that she would file a motion to quash the subpoena by November 17, 2023, at 4 p.m. Dkt. No. 80-5. Mohamed filed the instant motion to quash at midnight on November 18, 2023. Dkt. No. 76.

ORDER DENYING MOTION TO QUASH - 2

## II.   LEGAL ANALYSIS

Under Federal Rule of Civil Procedure 45(d)(3)(A), a court can modify or quash a subpoena upon timely motion, meaning that the motion was filed "within the time set in the subpoena for compliance." *Smith v. Legacy Partners Inc.*, Case No. 2:21-cv-00629-JHC-BAT, 2022 WL 1194125, at *2 (W.D. Wash. Apr. 21, 2022).

In this case, Defendants' subpoena directed SHA to respond by November 17, 2023, and SHA contacted Mohamed to notify her of its intent to comply unless it heard otherwise from her by 4 p.m. on November 17, 2023. Dkt. No. 80-5. There is no evidence that Mohamed responded to SHA within that timeframe, and she did not file her motion to quash until after the compliance deadline passed. Dkt. No. 76. Although she contends that she was unsure how timeliness was defined, for purposes of her motion to quash, her motion would be untimely under any of the deadlines she apparently considered. *See* Dkt. No. 82 at 2–3.

Moreover, although Mohamed contends that the SHA employment records sought in the subpoena are not relevant because "as clearly indicated in my proposed Third Amended Complaint, which was available to the defense at the time of issuing the subpoena, I am not seeking front pay" (Dkt. No. 76 at 2–3), she has not amended her complaint to make any such modification. As noted by Defendants (Dkt. No. 80-1 at 2), Mohamed's second amended complaint continues to be the operative complaint in this matter and it includes a claim for lost wages.[1] *See* Dkt. No. 21 at 13–14. Defendants have explained to Mohamed as well as to the Court how the information sought is relevant to supporting their position in this litigation (Dkt. No. 79, Dkt. No. 80-1), and Mohamed has not shown that the information sought is not a proper subject of discovery.

---

[1] Notably, even Mohamed's draft third amended complaint requests lost wages. *See* Dkt. No. 85-2 at 33.

ORDER DENYING MOTION TO QUASH - 3

Finally, to the extent that Mohamed objects to the subpoena on the grounds that it is overbroad and "appears more as a tactic to burden rather than a genuine pursuit of relevant information" (Dkt. No. 76 at 3), she has presented no evidence suggesting that it would be burdensome for SHA to comply with the subpoena. Moreover, SHA did not object to the subpoena on this or any other grounds. *See* Dkt. No. 80-5.

Because Defendants have shown that the information sought by the subpoena is relevant to this litigation, and because Mohamed failed to timely object to the subpoena, the Court finds no merit in Mohamed's motion to quash.

### III.   CONCLUSION

For these reasons, the Court DENIES Plaintiff's motion to quash. Dkt. No. 76.

The parties are directed to review the Court's chambers procedures, with particular attention to the process set out for discovery motions. *See* Dkt. No. 88 at 2. The Court will strike any future discovery-related motions that do not comply with this procedure.

Dated this 19th day of December, 2023.

*Kymberly K. Evanson*

Kymberly K. Evanson
United States District Judge

ORDER DENYING MOTION TO QUASH - 4