UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BASRA D. MOHAMED,<br><br>     Plaintiff(s),<br><br> v.<br><br>FULL LIFE CARE, et al.,<br><br>     Defendant(s). | CASE NO. C22-1010-KKE<br><br>ORDER GRANTING DEFENDANTS'<br>MOTION TO COMPEL MEDIATION |

This matter comes before the Court on Defendants' motion to compel mediation. Dkt. No. 90. After considering the parties' briefing and the balance of the record, the Court grants the motion.

### I. BACKGROUND & ANALYSIS

Plaintiff Basra Mohamed filed this lawsuit in July 2022, proceeding *pro se*, and since then has amended and attempted to amend her complaint several times and has served extensive discovery requests on Defendants Full Life Care and Transforming Age. *See, e.g.*, Dkt. Nos. 11, 12, 16, 36, 46, 56. The Court has resolved many of the parties' discovery-related disputes (Dkt. No. 81, 83, 89) and Defendants are still waiting for overdue supplementary discovery responses from Mohamed. *See* Dkt. No. 90 at 2–3. Several of the Court's prior orders have referenced communication problems between Mohamed and defense counsel. *See, e.g.*, Dkt. Nos. 44, 58, 81, 83, 89.

ORDER GRANTING DEFENDANTS' MOTION TO COMPEL MEDIATION - 1

In September 2023, defense counsel contacted Mohamed to discuss the possibility of mediating this dispute. Dkt. No. 91 ¶ 4. Defendants offered to pay for Mohamed's mediation fees and proposed a list of 11 potential mediators. *Id*. Mohamed responded that she believed more discovery was necessary before she would consider mediation. *Id*. Although the conversation continued over the next few weeks, the parties could not reach an agreement as to mediation. *Id*.

On January 4, 2024, Defendants emailed a settlement offer to Mohamed, explaining that if the parties could not reach a settlement by January 15, Defendants would move to compel mediation. Dkt. No. 90 ¶ 5; Dkt. No. 91-1. Mohamed did not respond by January 15. *Id*.

On January 19, 2024, Defendants filed this motion to compel mediation, requesting that the Court compel mediation "to assist the parties in resolving their disputes in a just, timely and cost-effective manner." Dkt. No. 90 at 5 (citing Local Rules W.D. Wash. LCR 39.1). Mohamed opposes the motion on the grounds that Defendants have failed to respond to her requests for discovery, suggesting that because the motion to compel mediation was "filed on the heels of a granted motion to compel discovery," the motion to compel mediation "seems less like a genuine attempt at resolution and more like a strategic ploy." Dkt. No. 92 at 4.

The Court indeed granted Defendants' motion to compel discovery and ordered Mohamed to provide supplemental responses no later than January 31, 2024, and she has apparently not complied with this deadline. *See* Dkt. No. 83, Dkt. No. 90 at 3. This timeline does not suggest that Defendants are failing to negotiate in good faith, as suggested by Mohamed (Dkt. No. 92 at 4), but instead corroborates Defendants' argument that mediation would be more beneficial than continuing with "protracted litigation." *See* Dkt. No. 90 at 4. The Local Rules contemplate that mediation can be appropriate even at "early stages of the litigation[,]" and this case has been pending since July 2022. *See* LCR 39.1(a)(5).

ORDER GRANTING DEFENDANTS' MOTION TO COMPEL MEDIATION - 2

Mohamed also questions whether mediation is appropriate in light of the case schedule, given that the trial date was continued to November 2024. Dkt. No. 92 at 5 (referencing Dkt. No. 72). The Court agrees with Defendants (Dkt. No. 93 at 3) that the generous case schedule in fact supports the result requested by Defendants because the parties can engage in mediation and fully explore settlement discussions without the pressure of impending urgent deadlines. Indeed, Defendants sought and were granted an extension of the case schedule on this basis. *See* Dkt. No. 66 at 6, Dkt. No. 72.

For all of these reasons, the Court finds it appropriate to compel mediation under Local Civil Rule 39.1 over Mohamed's objection, because requiring the parties to participate in a mediation would "yield significant benefits" toward resolving this matter. *See, e.g.*, *Jones v. Bank of Am.*, 2015 WL 11661769, at *2 (W.D. Wash. Apr. 2, 2015).

## II. CONCLUSION

The Court GRANTS Defendants' motion to compel mediation (Dkt. No. 90) and ORDERS the parties to:

1. Select a mediator from the register of attorney neutrals no later than March 12, 2024. If the parties cannot agree upon the selection of a mediator by that deadline, either party may file a motion requesting that the Court designate a mediator from the register of attorney neutrals. Either party may also request pro bono mediation. *See* LCR 39.1(c)(4).

2. Schedule a mediation within 60 days of the date the mediator is confirmed, subject to the mediator's availability.

3. Meet at least once, either in person or on the phone, to engage in a good faith attempt to negotiate a settlement of the action no later than 30 days before the scheduled mediation date.

4. Follow the mediation procedures described in Local Civil Rule 39.1(c)(5).

If the parties cannot resolve this case via mediation, either party may file a motion requesting the Court appoint a settlement judge to conduct a settlement conference under Local Civil Rule 39.1(e).

Dated this 1st day of March, 2024.

Kymberly K. Evanson
United States District Judge