UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BASRA D. MOHAMED,<br><br>     Plaintiff(s),<br> v.<br><br>FULL LIFE CARE, et al.,<br><br>     Defendant(s). | CASE NO. C22-1010-KKE<br><br>ORDER DENYING PLAINTIFF'S MISCELLANEOUS MOTIONS |

  Plaintiff has filed two motions: one to request modifications to the agenda and nature of the status conference scheduled for September 6, 2024, and one to request a stay of indeterminate duration. Dkt. Nos. 157, 158. The Court denies both motions, for the following reasons.

  With respect to the September 6 status conference, Plaintiff requests that the hearing be closed to public access because she believes the previous status conference was not open to the public, and this hearing will discuss the redactions Plaintiff claims are needed to preserve her privacy with respect to her deposition testimony. Dkt. No. 157. First, the Court reminds Plaintiff of its instructions to the parties to meet and confer regarding any necessary redactions of Plaintiff's deposition testimony. Dkt. No. 140. Apparently, Plaintiff did not participate in that process, which led Defendants to redact their motion for summary judgment and accompanying declarations, in an abundance of caution. *See* Dkt. No. 146-3 at 2–3. The Court instructed Plaintiff to file a motion to seal if she wished to maintain under seal the unredacted version of Defendants' motion and

ORDER DENYING PLAINTIFF'S MISCELLANEOUS MOTIONS - 1

declarations (Dkt. No. 140), and to date, Plaintiff has not filed such a motion. The Court will not maintain the unredacted version of Defendants' motion and declarations under seal indefinitely. Plaintiff should come to the September 6 conference prepared to explain why any material in Defendants' filings should be maintained under seal.

Furthermore, Plaintiff is mistaken when she asserts that the July 11 hearing was closed to the public. Dkt. No. 157 at 3. Although the hearing was conducted using the Zoom platform, any member of the public could have accessed that hearing via telephone, using instructions available on the Court's website. Since the July 11 conference, the U.S. District Court for the Western District of Washington issued a general order updating its procedures for public access to remote hearings. *See* General Order W.D. Wash. GO 10-24 (July 12, 2024). This order explains that "except in very rare circumstances" the public shall have remote access to court proceedings (both in-person and remote proceedings) to "improve[] transparency and confidence in judicial proceedings[.]" *Id*. After this general order was issued, the Court modified the text of its docket entries setting hearings to reflect the new procedures for remote access. *Compare* Dkt. No. 103 (docket entry setting July 11 conference) *with* Dkt. No. 153 (docket entry setting September 6 conference). Thus, although the docket entries contain different language, in neither instance was the hearing set without public access.

Moreover, Plaintiff has not shown that allowing remote public access to the September 6 conference would substantially burden the privacy or safety interests of any of the participants, nor has she shown that the hearing should be closed to the public for any other reason. *See* GO 10-24 (listing factors to be considered when determining whether to provide remote public access to a court proceeding). Accordingly, the Court will deny Plaintiff's motion to close to the September 6 conference to the public.

ORDER DENYING PLAINTIFF'S MISCELLANEOUS MOTIONS - 2

To the extent that Plaintiff also requests that the Court schedule a series of status conferences to discuss pending issues, rather than discuss them together on September 6, the Court denies this request without prejudice. If, at the September 6 conference, it becomes clear that the Court cannot resolve the outstanding issues during the hearing or that additional briefing or proceedings would be useful, the Court will determine at that time whether additional hearings or proceedings are necessary. The parties should come prepared to discuss all pending non-dispositive motions at the September 6 conference.

The Court denies Plaintiff's motion for a stay without prejudice as well. Although Plaintiff is, understandably, concerned about how to manage this action as a *pro se* litigant and suggests that she would like to retain an attorney to represent her, her motion does not describe efforts she has made to date to secure an attorney and the Court does not find good cause to indefinitely stay the case schedule for this purpose or any other purpose. *See* Dkt. No. 158. If Plaintiff does retain an attorney, and that attorney indicates that more time is needed to allow the attorney to review the record and provide competent representation, then the Court would reconsider the need for a limited stay at that point. But in the absence of a showing that Plaintiff has been diligent in her attempt to secure representation, or that a stay is needed for any other specific reason, the Court denies Plaintiff's motion for a stay at this time.

For these reasons, the Court DENIES Plaintiff's motions (Dkt. No. 157, 158).

Dated this 27th day of August, 2024.

Kymberly K. Evanson
United States District Judge

ORDER DENYING PLAINTIFF'S MISCELLANEOUS MOTIONS - 3