UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BASRA D. MOHAMED, | CASE NO. C22-1010-KKE |
| Plaintiff(s), | ORDER ON MISCELLANEOUS MOTIONS |
| v. | |
| FULL LIFE CARE, et al., | |
| Defendant(s). | |

The Court scheduled a status conference for September 6, 2024, in order to hear from the parties on the variety of non-dispositive motions and issues currently pending in this case. Shortly before the conference was scheduled to begin, Plaintiff notified the Court that she was unable to attend. The Court therefore rules on the pending issues as follows:

1. Defendants' motion for order to show cause and for sanctions (Dkt. No. 99) is DENIED. The Court is sympathetic to Defendants' frustration with Plaintiff's refusal to follow Court orders and rules, but declines to exercise its discretion to impose sanctions at this time.

2. Defendants' motion to exclude Plaintiff's expert witnesses (Dkt. No. 120) is GRANTED. There is no dispute that Plaintiff misclassified fact witnesses as expert witnesses. The Court's ruling does not preclude Plaintiff from calling fact witnesses as fact witnesses, but merely notes that Plaintiff may not designate fact witnesses as

expert witnesses (as Plaintiff apparently acknowledges).  *See* Dkt. No. 130 at 1.  The deadline to disclose rebuttal witnesses has long passed, and thus any attempt by Plaintiff to disclose a rebuttal witness after that deadline is untimely.  *See* Dkt. No. 72.

3.  The Court previously instructed Plaintiff that if she believed her deposition transcript excerpts should remain sealed, she must file a motion to seal.  *See* Dkt. No. 140 at 2.  When she did not, the Court warned her that it "will not maintain the unredacted version of Defendants' motion and declarations under seal indefinitely.  Plaintiff should come to the September 6 conference prepared to explain why any material in Defendants' filings should be maintained under seal."  Dkt. No. 159 at 2.  Plaintiff did not appear for the hearing, nor has she filed a motion to seal.  Accordingly, because the Court is aware of no basis for continuing to maintain parts of the docket under seal, the clerk is directed to UNSEAL Defendants' motion for summary judgment (Dkt. No. 150) and the declaration of Peter Montine (Dkt. No. 151).

4.  The Court has received a discovery statement describing Plaintiff's concerns regarding outstanding discovery and intended to address this dispute at the conference on September 6.  Dkt. No. 142.  The Court was unable to resolve this dispute at the conference because Plaintiff did not appear for the conference.  If, as Plaintiff suggests (Dkt. No. 162 at 10), Defendants' failure to respond to her discovery requests prevents her from fully responding to Defendants' motion for summary judgment, she may specifically identify the facts or information needed in her opposition brief, under Federal Rule of Civil Procedure 56(d).  Plaintiff's opposition is due September 11, 2024, under Local Rules W.D. Wash. LCR 7(d)(4) and this date will not be extended.  The Court thus DENIES Plaintiff's motions to stay (Dkt. Nos. 160, 162) to the extent she requests a stay of the summary judgment motion until resolution of the discovery

dispute.  To the extent that Plaintiff also requests a stay pending appointment of counsel (Dkt. No. 160), this motion is DENIED because the Court previously denied Plaintiff's motion to appoint counsel and Plaintiff has not demonstrated that the Court's reasoning there is no longer applicable.  *See* Dkt. No. 15.

5.  The numerous filings in this matter have required extraordinary judicial resources to address.  From this point forward, before any party may file any motion, that party must file a notice of intent to file the motion, with the proposed motion attached.  If, and only if, the Court thereafter grants leave to file the proposed motion, may the party file the motion.  Any party may respond to the motions currently outstanding (Dkt. Nos. 150, 154), but no new motion may be filed without leave from this Court.

Dated this 6th day of September, 2024.

Kymberly K. Evanson
United States District Judge